**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE:    **HARRY LAROY KETTERER, JR.** | : | Chapter 7 |
| and **GAIL ANNE KETTERER,** | : | |
| | : | |
| Debtor(s) | : | Bky. No. 09-15218 ELF |

# O R D E R

**AND NOW,** upon consideration of the Debtors' Motion to Avoid Lien and Dissolve Attachment of Randy Mims ("the Motion") and the Response of Randy Mims ("Mr. Mims") thereto;

**AND**, the Debtors asserting that Mr. Mims has a judicial lien on their personal property that is avoidable because it impairs exemptions to which they would be entitled, see 11 U.S.C. §522(f);

**AND**, Mr. Mims contesting the Motion on the ground that, as of the commencement of this bankruptcy case, he (and not the Debtors) owned the personal property that is the subject of the Motion;

**AND**, the court having held an evidentiary hearing on September 9, 2009;

\* \* \* \*

**AND**, the Debtors having commenced this bankruptcy case on July 16, 2009 by filing a voluntary petition under chapter 7 of the Bankruptcy Code;

**AND**, prior to the commencement of the case, the Debtors having entered into a lease ("the Lease") of real property located at 916 Old Bethlehem Road, Quakertown, PA ("the

-1-

Premises") and having occupied the Premises;

**AND**, Mr. Mims being the lessor under the Lease and the owner of the Premises;

**AND**, based on an asserted breach of the Lease, Mr. Mims having filed a landlord-tenant complaint in Magisterial District No. 07-3-03 in Bucks County, PA ("the State Court") on April 29, 2009, seeking possession of the Premises and money damages, (Ex. R-6);

**AND**, the State Court having entered a judgment on May 13, 2009 in favor of Mr. Mims for possession of the Premises and for money damages in the amount of $8,208.75 ("the Judgment"), (Ex. R-15);

**AND**, based on the Judgment for possession, the State Court having issued an Order for Possession on May 26, 2009 directing Constable Robert Heitz ("the Constable") to deliver actual possession of the Premises to Mr. Mims, (Ex. R-16), and thereafter,[1] the Constable having evicted the Debtors from the Premises on June 8, 2009;

\*   \*   \*   \*

**AND**, at Mr. Mims' request, the State Court having issued an Order of Execution on June 17, 2009 amending the Judgment awarded to Mr. Mims to total $8,494.75[2] and directing the

---

[1] The record made at the hearing reflects that the Debtors were evicted from the Premises several weeks before they commenced this case. Yet, they list the address of the Premises as their home address on their bankruptcy petition. (Docket Entry No. 1). That is puzzling. I also note that the Debtors failed to disclose the existence of the eviction litigation in Paragraph 4 of the Debtors' Statement of Financial Affairs (requiring disclosure of all suits to which the debtor was a party within one year before the filing of the bankruptcy case).

[2] The Judgment appears to have been amended to include the cost of the sheriff or constable's fee and the costs associated with obtaining the order of execution. (Ex. R-17).

Constable to levy on and sell the Debtors' property pursuant to Pa. R.C.P.M.D.J. 406, (Ex. R-17);

**AND**, on or about June 18, 2009, the Constable having levied upon the Debtors' personal property remaining in the Premises ("the Personal Property") and having compiled an inventory of the Personal Property levied upon, (Ex. R-19);

**AND**, on or about June 22, 2209, the Constable having issued a Notice of Execution Sale, for a constable sale of the Personal Property to be held at the Premises on July 6, 2009, (Id.);

**AND**, on the morning of July 6, 2009, the Constable having conducted a sale of the Personal Property ("the July 6th Sale") and having sold the Personal Property to Mr. Mims based on Mr. Mims' bid of $8,494.50, i.e., the amount of the Judgment, (Ex. R-20), see Pa. R.C.P.M.D.J. 414 (authorizing judgment holder to bid judgment at personal property execution);

**AND**, the Constable having filed a "Proposed Schedule of Distribution" with the State Court stating that Mr. Mims' bid of $8,494.50 had been accepted as the purchase price for the Personal Property and further stating unless written exceptions were filed with the court within ten (10) days after July 6, 2009, "distribution of the proceeds of the sale will be made," (Ex. R-20), see Pa. R.C.P.M.D.J. 416;

**AND**, there having been no "sales proceeds" to distribute because Mr. Mims' successful bid at the July 6th Sale was a credit bid of his judgment;

**AND**, in any event, the Debtors having filed no objection to the "Proposed Schedule of Distribution" between July 6, 2009 and July 16, 2009;

**AND**, the Debtors having filed this chapter 7 bankruptcy case on July 16, 2009 at 10:39 p.m., (Docket Entry No. 1, link to receipt);

**AND**, between the hours of 5:00 p.m. and 10:00 p.m. on July 16, 2009, Mr. Mims having re-sold a number of the items of the Personal Property to various, unnamed third parties ("the July 16th Sale") and having received $1,700.00 in proceeds, (Ex. R-47);

**AND**, the July 16th Sale having occurred prior to the commencement of this bankruptcy case;

\* \* \* \*

**AND**, a motion to avoid a lien under 11 U.S.C. §522(f)(1)(A) requiring that: (1) the debtor own the property at issue, (2) there be a judicial lien on the property, and (3) the lien impair the debtor's exemption;

**AND**, the Debtors contending that, notwithstanding the July 6th Sale, the Debtors retained an ownership interest in the Personal Property until the expiration of the ten (10) day objection period set forth in "Proposed Schedule of Distribution" and Pa. R.C.P.M.D.J. 416 and the bankruptcy filing stayed all further proceedings and, therefore, at the commencement of the bankruptcy case, the Debtors retained ownership of the Personal Property subject to Mr. Mims' judicial lien;

**AND**, the court concluding that the Debtor's analysis is incorrect and that Mr. Mims became the owner of the Personal Property on July 6, 2009;[3]

---

[3] The Debtors contend that the purpose of the ten (10) day objection period set forth in Pa. R.C.P.M.D.J. 416.C. is to provide a judgment-debtor with the opportunity to object to the sufficiency of the sale price and to seek to set aside the execution sale if the price is grossly inadequate. They contend the execution sale is not complete until the expiration of the ten (10) day period. Respectfully, for three (3) reasons, I disagree. First, Pa. R.C.P.M.D.J. 415, titled "Transfer of Property to Purchaser", expressly authorizes the selling officer of the court (here, the Constable) to deliver a "bill of sale" to the purchaser

-4-

**AND**, based on this finding, the court further concluding that none of the requirements for the avoidance of a lien under 11 U.S.C. §522(f)(1)(A) have been met, see also In re Roberson, 7 B.R. 34 (Bankr. D. Idaho 1980) (execution sale completed before filing of bankruptcy case extinguished executing creditor's judgment lien);[4]

It is hereby **ORDERED** that the Motion is **DENIED**.

**Date:   September 18, 2009**

                              **ERIC L. FRANK**
                              **U.S. BANKRUPTCY JUDGE**

cc:    Randy Mims
       1322 Township Line Road
       Chalfont, PA 18914

---

that describes the property sold. It would make no sense for the rules to authorize the delivery of a bill of sale for an incomplete transaction. Second, Rule 416.C. provides that the filing of an objection stays only the distribution of the proceeds from the sale – it speaks to the disposition of the sale proceeds and makes no reference to the validity of the underlying sale. Third, I note that Pa. R. Civ. P. 3135, which applies only to the execution sale of real property, directs the sheriff to execute and deliver the deed "at the expiration of twenty days." By comparison, the rules governing personal property execution sales based on a district justice court judgment (as well as the rules governing personal property execution sales based on a Common Pleas court judgment, see Pa. R. Civ. P. 3134; see also 8A Goodrich Amram 2d §3134:3 ("[t]he bill of sale serves as evidence of the passage of the execution debtor's title to the personal property sold at the sale")) do not require any time delay before the constable may deliver the bill of sale.

[4] At the hearing, the Debtors requested that I treat the Motion as a request to avoid the transfers of the Debtors' property. See 11 U.S.C. §522(h). I declined to do so. See Fed. R. Bankr. P. 7001. I express no opinion regarding the merits of any claims the Debtors may have under 11 U.S.C. §522(h).

Anthony A. Frigo
Suite 230
One West Main Street
Norristown, PA 19401